United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-13226-pmm |
| Sharah Elizabeth Burton | Chapter 13 |
| Sharah Elizabeth Burton | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: May 20, 2022 | Form ID: 3180W | Total Noticed: 9 |

The following symbols are used throughout this certificate:

**Symbol**   **Definition**

\+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

+++   Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

##   Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 22, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | Sharah Elizabeth Burton, MAILING ADDRESS, P O Box 419, Maytown, PA 17550-0419 |
| db | +++ | Sharah Elizabeth Burton, 149 W. High Street, Maytown, PA 17550-9717 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | + Email/Text: taxclaim@countyofberks.com | May 20 2022 23:56:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + Email/Text: usapae.bankruptcynotices@usdoj.gov | May 20 2022 23:56:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14175322 | Email/Text: ECMCBKNotices@ecmc.org | May 20 2022 23:56:00 | ECMC, Po Box 16408, St Paul, MN 55116-0408 |
| 14107092 | + Email/Text: unger@members1st.org | May 20 2022 23:56:00 | Members 1st F C U, 5000 Louise Dr, Mechanicsburg, PA 17055-4899 |
| 14476409 | Email/Text: mtgbk@shellpointmtg.com | May 20 2022 23:56:00 | NewRez LLC d/b/a Shellpoint Mortgage, P.O. Box 10826, Greenville, SC 29603-0826 |
| 14168760 | + EDI: AIS.COM | May 21 2022 03:58:00 | Verizon, by American InfoSource LP as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 14165850 | EDI: WFFC.COM | May 21 2022 03:58:00 | Wells Fargo Bank N.A., d/b/a Wells Fargo Auto, P.O. Box 19657, Irvine, CA 92623-9657 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 14210132 | ##+ | Law Office of Stephen Ross, P.C., 152 E. High Street, Suite 100, Pottstown, PA 19464-5480 |

TOTAL: 0 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities**

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: May 20, 2022 | Form ID: 3180W | Total Noticed: 9 |

in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 22, 2022        Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 19, 2022 at the address(es) listed below:

**Name**           **Email Address**

HAROLD N. KAPLAN
              on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing hkaplan@rasnj.com

JOSEPH L QUINN
              on behalf of Debtor Sharah Elizabeth Burton CourtNotices@rqplaw.com

KEVIN G. MCDONALD
              on behalf of Creditor DITECH FINANCIAL LLC bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
              ECFMail@ReadingCh13.com

United States Trustee
              USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 5

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Sharah Elizabeth Burton | Social Security number or ITIN  xxx–xx–9495 |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Sharah Elizabeth Burton | Social Security number or ITIN  xxx–xx–9495 |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   Eastern District of Pennsylvania

Case number:   18–13226–pmm

# Order of Discharge                                                                                       12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Sharah Elizabeth Burton                                   Sharah Elizabeth Burton

<u>5/19/22</u>                                                       **By the court:** <u>Patricia M. Mayer</u>
                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**